UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHN GREGORY SMITH,

        Plaintiff,

Case No. 1:06-CV-800

v.

Hon. Richard Alan Enslen

THE STATE OF MICHIGAN,
CHARLES CORWIN, DAVID A.
HOGG, AND WILLIAM DONNELLY,
JR.,

**JUDGMENT**

        Defendants.
_____/

Plaintiff John Gregory Smith, acting *pro se*, has filed a civil complaint against the State of Michigan, the Honorable Charles D. Corwin (Chief Judge of the 28th Circuit Court), the Honorable David A. Hogg (Chief Judge of the 84th District Court) and Missaukee County Prosecutor William Donnelly, Jr.  The judicial Defendants and Mr. Donnelly have filed two separate Motions to Dismiss.  Plaintiff has opposed those Motions.  Oral argument is unnecessary in light of the briefing.

These Motions are governed by Federal Rule of Civil Procedure 12(b)(6).  Under such Rule, a court assumes the truth of the allegations and may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  Nevertheless, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).  While *pro se* filings are to be liberally construed, *see Haines v. Kerner*, 404 U.S. 519 (1972), this

procedural rule does not abrogate basic pleading requirements nor require a court to "conjure" unpled allegations. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Similarly, bare legal conclusions asserted in a complaint do not meet the minimal pleading requirements of the Federal Rules. *See NHL Players Ass'n v. Plymouth Whalers Hockey Club,* 419 F.3d 462, 468 (6th Cir. 2005); *Southeast Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 671-72 (6th Cir. 2006).

Plaintiff's Complaint consists of general protestations about government "corruption" with attachments indicating that Plaintiff was convicted in 2003 of felony possession of child pornography after he admitted to an employee of an internet service provider that he possessed such materials. According to the attachments, Plaintiff has served his custody sentence, but wishes to avoid post-incarceration consequences of the conviction, including his listing on Michigan's Sex Offender Registry. Plaintiff's Complaint merely labels the government officials as "corrupt" and its documents as "fabricated," but does not include any specific allegations of wrongdoing by Defendants.

These kinds of conclusory allegations are too general to meet the pleading requirements of the Federal Rules. *See Wells, supra*. Furthermore, the State of Michigan is protected from liability by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984); *Doe v. Wigginton,* 21 F.3d 733, 736-37 (6th Cir. 1994); *Abick v. Michigan,* 803 F.2d 874, 877 (6th Cir. 1986); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). The judicial officers are protected from liability by absolute judicial immunity. *See. Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). The prosecutor is protected from liability by absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000). Equitable relief is not appropriate since no

intelligible request for an equitable remedy has been presented in the Complaint and none is justified by the allegations.

**THEREFORE, IT IS HEREBY ORDERED** that Defendants David A. Hogg and Charles D. Corwin's Motion to Dismiss (Dkt. No. 16) and Defendant William Donnelly, Jr.'s Motion to Dismiss (Dkt. No. 13) are **GRANTED** and Plaintiff John Gregory Smith's Complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE.**

Dated in Kalamazoo, MI:  /s/Richard Alan Enslen
February 1, 2007  Richard Alan Enslen
  Senior United States District Judge